# MAY, 1925.

### JOHN H. PARRISH v. THE STATE.

No. 9063.   Delivered May 20, 1925.

Rehearing denied June 24, 1925.

**1.—Incest—Indictment—Motion to Quash—Properly Overruled.**

Where the indictment charged that appellant did carnally know one Alva Meadows, the said Alva Meadows then and there being the daughter of W. R. Meadows, his half brother, *held* sufficient. It would be impossible to relate the possessive pronoun "his" to any antecedent male person referred to in the indictment save appellant. The attack is critical, but not sound.

**2.—Same—Argument of Counsel—Not Improper.**

Where the State's attorney in his argument to the jury stated "none of the facts have been denied," this was not a comment on the appellant's failure to testify. Where the accused is not named, and words are not used in the argument which particularize him, the bill must show such facts as to make it appear to us that the language used in fact did individualize him, and must have in the opinion of the jury, been understood to refer to him.

Appeal from the District Court of Wichita County.   Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of incest; penalty, seven years in the penitentiary.

The opinion states the case.

*Eugene F. Mathis, Mathis & Caldwell,* for appellant.

*James V. Allred,* District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Wichita County for incest; punishment, seven years in the penitentiary.

The indictment is attacked.   It charges that appellant in the County of Wichita and State of Texas, did then and there carnally know one Alva Meadows, the said Alva Meadows then and there

being the daughter of W. R. Meadows, ''his half brother,'' against the peace and dignity of the State. It is urged the expression ''his half brother'' is indefinite and lacks that certainty which should characterize an indictment under the law of this State. Grammatically construing said indictment, it appears beyond question that after stating appellant's name and that *he* carnally knew a certain female, there follows the statement that *she* was the daughter of W. R. Meadows, ''*his* half brother.'' It would be impossible to relate the possessive pronoun ''his'' to any antecedent male person referred to in the indictment save appellant. The attack. is critical but not sound.

The only other complaint in the record is of the argument of the State's attorney. The bill sets out that said attorney in his argument to the jury made the following statement: ''None of the facts have been denied''. It is further shown in the bill that appellant objected on the ground that this was a comment upon his failure to testify. Where the accused is not named and words are not used in the argument which particularize him, the bill must show such facts as to make it appear to use that the language used did in fact individualize him and must have, in the opinion of the jury, been understood to refer to him. While the statement is made that appellant did not testify, there nowhere appears in this bill anything to indicate that the language quoted must have been understood by the jury to refer to appellant's failure to testify. No such facts are stated therein as to make it appear that this was necessarily a reference to such failure. For aught we learn from the bill there may have been other witnesses who could have been used by appellant, and were not. We are controlled in determining the soundness of a complaint, by those things which appear in the bill of exceptions evidencing it.

Being unable to agree with appellant's contention in this regard, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State introduced three witnesses and three testified for the defense. The State's attorney in his argument said to the jury, ''None of the facts have been denied.'' This called the jury's attention to no act, no time, no place and no transaction, and while we admire the ability and earnestness with which the motion for rehearing argues that this called the attention of the jury to appellant's failure to testify, we find ourselves wholly unable to agree with the soundness of the contention. The remark of the State's attorney applied to the testimony of each and all of appel-

lant's witnesses and we see no reason to believe otherwise than that it was so wholly applied. Certainly it was not a statement which would constitute a necessary reference to appellant's failure to testify as is the case in each of the authorities cited in appellant's motion. This is the only point contended for, and being unable to agree with same, the motion will be overruled.

*Overruled.*