ALBERT B. COKER V. STATE.

No. 26,029. November 12, 1952.
Appellant's Motion for Rehearing Denied Without
Written Opinion) January 14, 1953.

*Howard H. Hendrix*, Houston, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for drunk driving, with punishment assessed at a fine of $250.

According to the state's testimony, appellant, while driving a taxicab, struck the rear of and ran into the automobile of Moules while waiting on a signal light.

Moules, who assisted appellant out of the taxicab, testified that appellant was intoxicated at the time and under the influence of intoxicating liquor. Two members of the Houston police department who arrived at the scene soon after the collision corroborated the witness Moules as to appellant's intoxication.

Appellant, testifying as a witness in his own behalf, admitted that a short time prior thereto he had drunk "a couple of beers," but denied that he was intoxicated. He insisted that the collision, or running into the Moules automobile, was an accident caused by his foot slipping from the brake pedal and onto the accelerator as he was attempting to stop the taxicab. According to his testimony, as a result of the collision he received a head injury, which caused him to "black out" soon thereafter.

The facts abundantly support the jury's conclusion of guilt.

Appellant insists that the information, in order to show jurisdiction, should contain an averment as to whether the alleged intoxicated driving was the first or the subsequent offense by the accused.

The felony offense of driving an automobile while intoxicated subsequent to a prior conviction, as provided by Art. 802b, Vernon's P. C., is a separate and distinct offense, and in order to charge that offense, the prior conviction must be alleged. Obviously, therefore, when no prior conviction is alleged in the information, only the misdemeanor offense, as provided by Art. 802, Vernon's P. C., is charged.

Here, the information contained no allegation of a prior conviction and charged only the misdemeanor offense over which the trial court had jurisdiction and of which the appellant was convicted.

The issue before the jury, under the pleading and the evi-

dence, was whether appellant was or was not intoxicated at the time he operated the taxicab.

Whether the appellant was or was not at fault in the collision, or same was an accident, was not an issue before the jury. Everything could have happened as appellant testified, and yet he would have been guilty as charged, for guilt was made to depend upon whether he was or was not intoxicated prior to the collision.

We are unable, therefore, to see wherein the appellant was injured, or wherein the trial court fell into error in failing to permit appellant to introduce testimony as to his susceptibility to "black outs."

The argument of the prosecuting attorney, which is here complained of, appears to be a reasonable deduction from the facts. No useful purpose would be served to here set forth the argument.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.