JAMES EDWARD THOMPSON V. STATE.

No. 26,450. May 20, 1953.

*Scardino and Regnier,* by *Paul P. Regnier,* Houston, for appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This conviction was under Art. 535c, Vernon's P. C., prohibiting indecent exposure to a child, the punishment assessed being eight years in the penitentiary.

The prosecutrix, a twelve-year-old school girl, identified appellant as the man who, during the lunch period, went to a point in the edge of some woods near the school grounds and, by removing his shirt, dropping down his trousers, and shaking his male organ, exposed himself to the prosecutrix and some five other girls.

One of the girls corroborated the testimony of the prosecutrix.

The state, without objection, introduced in evidence appellant's written confession, in which he admitted the acts attributed to him by the prosecutrix.

Appellant, testifying in his own behalf, denied the accusation and the state's testimony. He repudiated the confession by saying that he was induced to sign it upon the promise of the arresting officer that he would help him get out of jail and that the confession was only for the purpose of insuring that the appellant would not again be guilty of the act.

The issue of fact touching the admissibility of the confession was pertinently submitted to the jury under a proper instruction by the trial court.

Bills of Exception appear complaining of the cross-examination of a witness who, upon direct examination, had attested appellant's good reputation as being a peaceable and law abiding citizen. It is contended that in such cross-examination the

witness was interrogated as to specific acts of misconduct and extraneous offenses on the part of the appellant.

We note that these bills of exception were qualified by the trial court as follows:

"The Court certifies that there was absolutely no objection made by the defense to the asking of this question."

Appellant accepted the bills of exception as so qualified, and is bound thereby.

An objection is necessary to challenge the introduction of testimony or interrogatories propounded relative thereto. 4 Tex. Jur., Sec. 213, p. 306.

The matters sought to be complained of in the bills of exception are obviously not before us.

The remaining bill of exception complains of the failure of the trial court to instruct the jury that they " 'not consider the questions asked by the district attorney to the character witness on cross-examination as to the number of arrests of the Defendant. . . .' "

Obviously, such an exception is too general and points out nothing for review.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.