MARY SAENZ V. STATE

No. 27,076. January 19, 1955
Motion for Rehearing Denied
(Without Written Opinion) March 2, 1955

*Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank Brown,* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

## ON STATE'S SECOND MOTION FOR REHEARING

WOODLEY, Judge.

Appellate judges, whose duty it is to pass upon the claimed errors of others, should be the first to acknowledge their own.

Being convinced that we were in error in reversing this conviction and in overruling the state's first motion for rehearing, both opinions are now withdrawn, and the following substituted therefor.

Mary Saenz was charged by complaint and information with the theft of certain ladies' wearing apparel, to-wit: one two-piece suit of the value of $24.00, one sweater of the value of $17.95, and one billfold of the value of $4.17. Said personal property was alleged to have been the property of Mrs. Judy Guy and to have been taken from her possession and without her consent.

Mrs. Guy testified that she was the sportswear buyer for Titche-Goettinger Company on the date in question, and identified a sweater and a two-piece knit dress, by the markings on the tags attached thereto, as having been received in said store and as having been part of the stock in her department for which she was responsible to the management. She testified that at the time the sweater and two-piece suit were taken from the store she had the care, custody and control thereof.

Mrs. A. Frances Baggett, who was employed by Stores Mutual Protective Association, and whose duties included the protection of the merchandise at Titche-Goettinger's, observed appellant in the store with a package which she carried in an unusual manner and followed her out on a stairway; saw her take some merchandise and packages and put them in a sack and return to the escalator and proceed to the first floor and to the bag department.

Mrs. Baggett testified that she followed appellant and saw her pick up a wallet and put it in the pocket of her jacket. She then followed appellant as she left the store, took her in custody and to the office, and called the office of her employer.

D. L. Hutchison, also employed by Stores Mutual Protective Association, responded to Mrs. Baggett's call and saw appellant in the office with a two-piece dress, a brown sweater and a brown wallet before her on a table. He checked the merchandise and identified it as that exhibited to him at the trial. He also read a list of other merchandise he saw there on the table.

Appellant's written confession, made to D. L. Hutchison, was identified by the witness and offered in evidence as Exhibit 1, following proof that it was voluntarily made.

The confession and warning appearing thereon read as follows:

"To whom it may concern: After having been duly warned by D. L. Hutchison that I do not have to make any statement, and that any statement that I may make may be used in evidence in the trial for the offense concerning which this statement is made, I wish to make the following voluntary statement to the aforesaid party. Name is Mary Saenz. Address, 2204 Olive. Age, 28.

"On Saturday, October the 31st, 1953, at 1:00 p.m., I went into Titche-Goettinger Company and I stole one billfold valued at $4.17; one pair of ladies' gloves, $3.88; one pair of ladies' gloves, $3; one ladies' brown sweater, seventeen ninety-five; one red knit suit, $24; one bracelet valued at seven fifty, one from Lerners, one blue robe, twelve ninety-eight, and from Franklins, one green skirt, four ninety-nine."

Appellant's claims and contentions will be considered in the order in which they appear in the brief.

It is contended that the proof is insufficient to show that Mrs. Guy was the special owner of the merchandise. We overrule this contention insofar as the dress and sweater taken from her department of the Titche-Goettinger Store. Appellant is correct in her contention that Mrs. Guy was not shown to have been in charge of the billfold. The evidence shows that the billfold was taken from a department on the first floor after appellant had left the Sport Shop on the third floor where the suit and sweater were taken. Mrs. Baggett saw appellant take the billfold, but did not see her take the other merchandise which was found in her possession.

Appellant next complains of a variance between the allegation and proof. This contention is bottomed upon the testimony of D. L. Hutchison wherein he read a list of merchandise he found in appellant's possession which aggregated in value more than $50.

This contention is answered by our recent opinion in Heard v. State, 160 Texas Cr. Rep. 89, 267 S.W. 2d 150, wherein we said:

"We find the evidence sufficient to sustain a finding that the property had a value of more than $5 and less than $50. In any event, we think that appellant is in no position to complain that he was convicted of misdemeanor theft upon proof that he was guilty of felony theft."

We call attention, however, to the fact that only the suit and sweater were shown to have been taken from the possession and control of Mrs. Guy, the owner named in the state's pleading. There is no testimony to the effect that she had the custody or control of merchandise other than that in her department.

Appellant next complains of the introduction of the confession because of the insufficient warning. This bill calls attention to the fact that the warning states that the statement would be used in the trial for the offense concerning which it was made, and the absence of a warning that the confession would be used against the maker.

Art. 727, C.C.P., requires the later warning, and our prior opinions ordered the reversal of the conviction because of the error in admitting the statement.

But let us see upon what objection appellant relies to show and preserve the error.

The confession, as stated, was marked for identification as Exhibit 1 and offered in evidence.

The trial court admitted it, saying: "All right," and the witness was then asked to read it "if the defense has no objection."

Appellant's counsel said he had objections, but in the interest of time would cross-examine the witness and then "make my exceptions in the form of a bill here," . . . "I will just make my exceptions all in one."

The court then said "In other words, at this time you have no objections?" To which appellant's counsel replied: "I do have objections to the offering in evidence, but I am going to wait until I have cross-examined in order to state them to the court."

The court then permitted the statement to be read, saying "Well, all right, then go ahead and read it. I can't anticipate your objection to it."

McCain v. State, 139 Texas Cr. Rep. 539, 141 S.W. 2d 613, is authority for our holding that reversible error is not shown by this bill. In that case the confession did not show that the defendant was warned that it could be used against him. The defendant objected, but failed to state as a ground for the objection that the warning was inadequate. We said:

"We therefore reason that if it is not reversible error to admit a confession palpably subject to objection, but at which no objection is leveled, it necessarily follows that it would not be error to admit a confession at which *no proper objection* is leveled."

We need not determine the question of whether the inadequacy of the warning on the face of the instrument was raised in appellant's motion later filed seeking to have the testimony of the witness Hutchison withdrawn. Appellant waived her right when she failed to object when the confession was offered and admitted in evidence.

Appellant concedes that the state was not required to prove the theft of each of the articles described in the complaint and information.

We find the evidence sufficient to sustain the conviction for theft of a sweater and a suit from Mrs. Judy Guy, the value of which was shown to be over $5 and under $50, with the punishment assessed at 185 days in jail, and we find no reversible error.

The state's second motion for rehearing is granted, the orders reversing the conviction and overruling the state's first motion for rehearing are set aside, and the judgment is now affirmed.