## EZELL WILLIAMS V. STATE

No. 32,634. December 14, 1960

Motion for Rehearing Overruled January 25, 1961

Second Motion for Rehearing Overruled February 22, 1961

Hon. H. R. Rolston, Judge.

*A. L. Lowery* and *Marion G. Holt,* both of Nacogdoches, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

594

## PER CURIAM

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge

The facts adduced at the hearing on appellant's motion for new trial are now before us. We are asked to consider such facts in connection with appellant's brief.

The contention is that the county court was without jurisdiction to try appellant because he had been previously convicted of the misdemeanor offense of driving while intoxicated, in Smith County, and under Art. 802b V.A.P.C. it was mandatory that a subsequent offense of driving while intoxicated be prosecuted by indictment in a court having jurisdiction of felony offenses.

Winfrey v. Chandler, (Sup. Ct.) 318 S.W. 2d 59, cited and relied upon, does not support appellant's contention. The Supreme Court of Texas found it unnecessary to decide the question.

This court held in Coker v. State, 158 Tex. Cr. R. 141, 253 S.W. 2d 668, that the information which contained no allegation of a prior conviction charged the misdemeanor offense of driving while intoxicated, over which the county court had jurisdiction.

We held in McKenzie v. State, 159 Tex. Cr. R. 345, 263 S.W. 2d 562, that the misdemeanor offense of driving while intoxicated is on offense included within the allegations of an indictment for the felony offense of driving while intoxicated, subsequent offense.

It is well settled that an accused cannot complain that he was charged, tried or convicted for a lesser included offense rather than the higher or greater offense. See Grimes v. State, 71 Tex. Cr. R. 614, 160 S.W. 689; Heard v. State, 160 Tex. Cr. R. 88, 267

S.W. 2d 150; Saenz v. State, 161 Tex. Cr. R. 145, 275 S.W. 2d 497; Carr v. State, 158 Tex. Cr. R. 337, 255 S.W. 2d 870.

Appellant's contention is without merit for the further reason that his conviction in Smith County did not occur until after the Angelina County offense here charged had been committed.

Appellant's motion for rehearing is overruled.