**Gene Olwyn MEYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40413.

Court of Criminal Appeals of Texas.

June 14, 1967.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Perry L. Jones, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., Robert A. Huttash, Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, enhanced by two prior convictions for a felony less than capital, life.

The grounds of error relate to the closing argument of the district attorney at the trial on the issue of guilt or innocence.

The first ground is that the trial court erred in failing to grant a motion for mistrial based upon the district attorney's argument wherein appellant was referred to as "a professional," and the robbery was referred to as a "professional type of robbery." It is contended that this argument was calculated to prejudice the jury by indicating to them that appellant had committed other offenses.

The state contends that the argument was a legitimate inference based on the facts; that the evidence indicated that appellant went to the scene of the crime before the robbery and observed the surroundings to plan his course of action; that appellant disguised himself by wearing large dark glasses and a red jacket which he apparently discarded soon after the robbery; that he at-

tempted to jerk the pay phone from the wall to prevent the attendant from calling the police after the robbery; that he had the attendant lie on the floor, telling him to lie there for ten minutes; that he parked his car away from the service station behind a clump of trees to prevent a passerby from identifying it; that he used a 30.30 rifle; and that he conducted the robbery during the early morning hours when there was only one attendant at the station and when there was little likelihood of other witnesses being present.

Appellant argues that it is obvious that the robbery was not committed by a professional; that footprints and car tracks were left in the mud at the scene of the crime; that the robber allowed his sunglasses to be knocked off during the course of the robbery; that the robber was unsuccessful in his attempt to jerk the phone off the wall; that he apparently threw his jacket away three blocks from the scene of the crime where the police easily located it lying on the pavement. It is argued that the only impression which the jurors could have gotten from reference to appellant as a professional was that he had committed similar crimes in the past.

A motion for mistrial on this point was made after the district attorney had made seven references to the robbery as the work of a professional, or to appellant as a professional robber, to some of which there was no objection.

The court instructed the jury in his charge and during the argument that they were not to take what either attorney said as evidence, but were to consider only what came from the witness stand.

■■■ All arguments must be appraised in the light of the entire record and the verdict rendered. Cotton v. State, 113 Tex. Cr.R. 188, 19 S.W.2d 319. Although whether the robbery was a professional one is arguable, the prosecutor's deduction from the evidence was a reasonable one. No reversible error is presented. Siwakowski v. State, Tex.Cr.App., 387 S.W.2d 669;

Christesson v. State, 172 Tex.Cr.R. 27, 353 S.W.2d 218; Jones v. State, 352 S.W. 2d 270; Sommers v. State, 165 Tex.Cr.R. 575, 310 S.W.2d 106; Miller v. State, 163 Tex.Cr.R. 381, 292 S.W.2d 108; Hay v. State, 155 Tex.Cr.R. 604, 237 S.W.2d 987.

The second point of error is that the trial court erred in not granting appellant's motion for mistrial following a statement by the district attorney during the same argument to the jury which it is contended was a comment on appellant's failure to testify.

J. I. McCray, the attendant at the robbed service station, was the only eyewitness to the crime for which appellant was on trial. Appellant did not take the stand to testify in his own behalf, and only one witness testified for the defense. One of appellant's primary defenses involved questioning the reliability of the identification by McCray of appellant as the man who robbed him. During the course of the robbery, the robber poked the barrel of his rifle in McCray's back, whereupon McCray turned around and hit the robber with the broom which was in his hand, knocking the robber's sunglasses off temporarily and causing him to lose his balance. McCray's testimony was that this was the only time that he saw the robber with his sunglasses off.

In his argument to the jury, appellant's attorney made the following statement:

> "Of course, we criminal attorneys find it actually more difficult to represent a person who is innocent than a person who is guilty; a guilty person can tell you some details that you can probably cross up some of the examining officers on. A person who says, 'I know nothing of it, never been to the station in my life,' leaves you nothing to do except listen to the State's testimony and try to find little loopholes that do not jibe."

Appellant's attorney was giving the impression that his client had told him that he was innocent.

The District Attorney responded to this argument in the following manner:

"You notice that the testimony for the Defendant in this case comes basically from Mr. Jones standing up here talking to you. Mr. Jones is the one who tells you that the identification was two seconds. Now, Mr. McCray on the witness stand never said anything about two seconds; that's Mr. Jones' testimony.
\* \* \*

"Mr. Jones didn't take the witness stand and wasn't sworn, simply because he wasn't out there and was not a personal witness, but that is a legitimate tactic of a defense lawyer, to draw his conclusions from the facts, and his conclusion is that Mr. McCray couldn't have seen this Defendant but two seconds and, therefore, Mr. Jones tells us, 'Two seconds,' and over and over he says, 'Two seconds,' until when you get back to the jury room, you believe that Mr. McCray admitted it was only two seconds that he saw him. That didn't happen. He saw him the full time that he was out there."

In summing up his argument to the jury, the District Attorney stated:

"Now, Ladies and Gentlemen of the Jury, this is an open and shut case. There is no question about it. The only questions are the insinuations that a brilliant defense attorney makes. *He makes the insinuation that this Defendant has told him that he wasn't guilty, but he won't take the stand under oath and tell you that.*"

Appellant's attorney immediately objected to the statement as being a comment on appellant's failure to testify, and moved for a mistrial on that ground.

The rule with regard to a comment such as was made by the District Attorney was stated by this court in Parrish v. State, 101 Tex.Cr.R. 26, 273 S.W. 851:

"While the statement is made that appellant did not testify, there nowhere appears in this bill anything to indicate that the language quoted must have been understood by the jury to refer to appellant's failure to testify. No such facts are stated therein as to make it appear that this was necessarily a reference to such failure."

In reading the one sentence it is difficult to determine whom the district attorney referred to as "he," i. e. whether he was referring to appellant or to appellant's attorney. When the statement is put in the context of the argument as a whole, it is more probable that the district attorney was not referring to the defendant but to his counsel. The statement does not necessarily refer to appellant's failure to testify. Lewis v. State, 155 Tex.Cr.R. 544, 237 S.W. 2d 293.

The judgment is affirmed.