Augustine BARRIENTES, Appellant,

v.

The STATE of Texas, Appellee.

No. 43406.

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Milburn & Hirsch, by H. Thomas Hirsch, Odessa, for appellant.

John H. Green, Dist. Atty., John L. Hoestenbach, Jr., Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary, with two non-capital felony convictions alleged for enhancement; the punishment, life.

■ Appellant's first ground of error relates to the legality of the search of appellant's person by the arresting officer. Officer Johnson testified that on the Sunday morning in question, he observed an old Ford automobile traveling west in the City of Odessa and two men, one of them being the appellant, running in the same direction as if to overtake it. He stated that he brought the Ford to a halt, and as he did so, the appellant changed the direction of his flight and ran into the bus station with his hand in his right pocket. Johnson overtook him, observed that his hand was still in his pocket, then "checked to see if he had some sort of weapon," by taking the appellant's hand out of his pocket. In doing so, the officer observed that appellant's pocket was full of change.

Appellant then broke away from the officer and ran north. During the course of his flight, the appellant threw a blue screwdriver up on top of a building. When the appellant was again overtaken, he was handcuffed and placed in the squad car. While so cuffed and seated, the appellant attempted to empty his pocket which was later found to contain $28.85 in quarters, dimes and nickels. The change and the screwdriver were shown to be connected with the burglary charged.

The appellant relies upon United States v. Butler, D.C., 223 F.Supp. 24. Without discussing the question of the authoritativeness of such holding on this Court, we observe that Butler was doing nothing to give the Federal officers reason to search him, while the acts of the appellant here, as set forth above, did authorize such search. The remainder of the cases cited by the appellant may be distinguished in the same manner.

We have concluded that Art. 14.03, Vernon's Ann.C.C.P. (as amended in 1967, which authorized an arrest without a warrant of persons found in suspicious places and under certain circumstances), Roach v. State, Tex.Cr.App., 398 S.W.2d 560, and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, are controlling here. In Roach, supra, the accused was on foot and was acting in a suspicious manner. In Terry, supra, appellant and his companion walked back and forth on a city street, peering into a store window numerous times, then conferred with a third person. Cf. Baity v. State, Tex.Cr.App., 455 S.W.2d 305.

Under the circumstances, the search made of appellant was permissible. Appellant's first ground of error is overruled.

■ Appellant's next ground of error relates to jury argument of State's counsel:

"MR. GREEN: I'm sorry, I don't mean they swore he is guilty. I couldn't ask them that. What they did swear to was the fact that Mr. Hirsch [Appellant's Counsel] had come up here and called them a liar. That is what he has done.

They were sworn to God and yet Mr. Hirsch had the nerve to come up here and not being sworn and called these people liars. Now, here is what convicts Gus Barrientes. Mr. Hirsch talks about money, he talks about everything else. Where did Gus Barrientes get this screwdriver? He found this screwdriver on top of the building he ran from, where did he get it? The woman testified that that came out of her building. Her building was broken into. Gus Barrientes got this screwdriver and threw it on top of the building where the deputies were chasing him. Where did Gus Barrientes get twenty-eight dollars in change? Mr. Hirsch can tell us that, he tells us everything else.

"MR. HIRSCH: Your Honor, I object to that because that is a comment on the Defendant not taking the stand.

"THE COURT: Mr. Green, come here, please.

* * * * * *

"THE COURT: I would like to reiterate to the jury that the jury is not to consider the fact that the Defendant does not testify in his own behalf for any purpose.

"MR. HIRSCH: We would like to preserve our motion for mistrial.

"THE COURT: Overruled.

"MR. HIRSCH: Note my exception."

This Court considered a very similar contention in Sommers v. State, 165 Tex. Cr.R. 575, 310 S.W.2d 106. We held that the argument in Sommers, supra, did not constitute an indirect allusion to the appellant's failure to testify, and that it was merely a statement based upon the facts in evidence before the jury. .

Finding no reversible error, the judgment is affirmed.