Jerry Wayne STELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0551–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1983.

Discretionary Review Granted
March 28, 1984.

Guy D. Cox, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

DUGGAN, Justice.

Appellant's indictment for murder was enhanced by two allegations of prior felony convictions. At trial, a jury found him guilty of aggravated assault, which was submitted in the court's charge as a lesser included offense over appellant's objection. Based on appellant's testimony at the guilt or innocence phase of trial, and despite his objection and pre-trial election to have the jury assess punishment in the event of a finding of guilt, the court withdrew the case from the jury and assessed his punishment at confinement for life.

The second of appellant's two grounds of error is dispositive of this appeal, and we therefore consider it first.

Appellant complains in his second ground of error that the trial court reversibly erred in dismissing the jury after its return of a guilty verdict at the guilt or innocence phase of trial, and in assessing punishment despite his timely election to have jury trial at the punishment phase.

Prior to trial, appellant duly and timely filed his written motion, pursuant to Tex. Code Crim.Pro.Ann. art. 37.07 § 2(b) (Vernon 1981), to have the jury assess punishment in the event of a finding of guilt.

The only evidence supporting the trial court's purported finding concerning the enhancement portion of the indictment is found in the cross-examination of appellant during the guilt or innocence phase of trial. At that time, the prosecutor questioned appellant as follows:

Q. Now, are you the same Jerry Wayne Stell who was convicted on December 28, 1967, in Cause Number 16,014 of the offense of passing a forged instrument? Are you that same person who was convicted on that date in that cause number?

A. Yes, sir, I am.

Q. Now, after you were released from the penitentiary, it's my understanding you then were convicted of the offense of burglary in Coryell County?

A. Yes, sir.

Q. Was that offense that took place [sic] after you had been released from the penitentiary for the offense of a forged instrument, or was that crime some crime you had committed before you were convicted of the forged instrument?

A. No, sir, it was right after I got out of the penitentiary.

Q. So, the offense you went back to the penitentiary for June 16, 1972, the burglary offense, that was an offense that took place after you had been released from the penitentiary after having been confined for passing a forged instrument; is that correct?

A. Yes, sir, that's correct.

When the jury's verdict was received, the jury was polled and the verdict was duly filed. At that time, with the jury still present, the court addressed the defendant as follows:

THE COURT: All right. There being no disputed issue concerning the prior convictions of the Defendant and as to the counts therein and the Defendant having testified on the guilt or innocence phase of this case and having admitted the two prior convictions contained in the indictment I hereby assess your punishment at life in the Texas Department of Corrections.

Do you have anything to say why sentence of the Court should not now be pronounced against you?

The court's above statement occurred when there had been no presentment of the enhancement paragraphs of the indictment, no plea by appellant of "True" or "Not True" to the enhancement allegations, and no opportunity afforded either to State or to appellant to present evidence about the enhancement allegations.

Appellant's attorney objected as follows:

MR. MONTGOMERY: Your Honor, we would like to object to the Court's findings in that even though the Defendant testified as to his prior convictions, we submit to the Court, there's not sufficient proof in the record; *there is a disputed fact issue as to whether or not a conviction in the first enhancement paragraph of the indictment became final before the second before the commission of the second offense* [sic]. We submit there is no evidence. And we object to the Court's findings on that ground. [Emphasis added]

The court proceeded to sentence appellant and to discharge the jury.

Although appellant's ground of error is multifarious, we understand his complaints to be (1) that the trial court was without authority to dismiss the jury and assess punishment, (2) that the evidence is insufficient to show finality of the indictment's first alleged prior conviction before the commission of the next alleged prior conviction, and (3) that the court's dismissal of the jury denied him the opportunity to contest the indictment's enhancement allegations.

In urging that the court lacked legal authority to dismiss the jury and assess punishment, appellant has supplemented his written brief by reference in oral argument to the recent decision of *Washington v. State*, 654 S.W.2d 10 (Tex.App.—Corpus Christi, 1982, pet. granted). There, over appellant's objection, the trial court dismissed a jury after receipt of a guilty verdict and assessed punishment at life in the penitentiary. At the guilt or innocence phase of trial, the defendant had testified

on cross-examination that he had been convicted of each of the offenses alleged in the enhancement portion of the indictment, and that he committed the second offense after the first conviction became final. The Corpus Christi Court of Appeals nevertheless held that the trial court erred, not in assessing punishment, but in refusing to submit to the jury an issue regarding defendant's commission of the prior convictions alleged. The Court held that jury determination of the issue is a valuable statutory right, the denial of which constituted reversible error notwithstanding defendant's earlier admission of the prior convictions from the witness stand.

■ If *Washington, supra,* should be affirmed on the State's pending petition for discretionary review, it would be dispositive of the case before us and would require reversal. The facts of the instant case are, if anything, more favorable to appellant than were the facts to the defendant in *Washington*. Here, appellant did not testify, as did Washington, that he committed the second alleged felony offense after his first conviction "became final," as required by Tex.Penal Code Ann. § 12.42(d) (Vernon 1974). Evidence tending to show finality of appellant's first prior felony conviction is found only in his testimony that his second prior offense was committed after he was "released from the penitentiary," or "got out of the penitentiary." Such an admission does not prove beyond a reasonable doubt that the earlier conviction was final. Appellant could have been paroled or discharged even though his first conviction was pending on appeal. Tex.Code Crim. Proc.Ann. art. 42.12, § 15(b) (Vernon 1979). No other proof was offered about finality of his first conviction.

However, apart from appellant's reliance on *Washington, supra,* and apart from the legal insufficiency of the quoted testimony to show finality of appellant's first prior conviction, the state of the record before us requires reversal.

■ The court's action in dismissing the jury after the return of the verdict of

guilty denied appellant the opportunity to contest the enhancement allegations of the indictment. Appellant's counsel clearly objected to the state of the evidence concerning finality of appellant's convictions as testified to by appellant on cross-examination. His objection clearly apprised the court that

there is a disputed fact issue as to whether or not a conviction in the first enhancement paragraph of the indictment became final before the . . . commission of the second offense.

Where the State has offered prima facie proof of enhancement allegations in an indictment, the burden then shifts to the defendant to negate such proof. *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr.App.1979). If a conviction relied on for enhancement is urged not to be final, it is a matter of defense subject to proof. *Scott v. State,* 553 S.W.2d 361 (Tex.Cr.App.1977). An appellant must be afforded the opportunity to present evidence concerning the same enhancement allegations that the State is obligated to prove beyond a reasonable doubt. The punishment hearing is the defendant's vehicle and occasion to dispute the enhancement allegations in the indictment against him. As stated in *Tinney, supra,*

The truth or untruth of the allegations in an habitual offender indictment pertaining to prior convictions is clearly a matter to be taken up in the punishment phase of the bifurcated trial utilized in this state.

578 S.W.2d at 138. Appellant's second ground of error is granted, and the cause is reversed and remanded for trial.

Because the subject matter of appellant's first ground of error will be involved in any re-trial involving the facts of this occurrence, we proceed to its consideration.

Appellant urges therein that the Court erred by including in its charge the lesser included offense of aggravated assault. Appellant objected to its inclusion at trial, and he argues now that it was beneficial to the State to have the lesser offense included in the charge since a conviction for any felony offense would result in his life sentence upon proof of the enhancement para-

graphs of the indictment. He asserts that the additional charge gave the jury the option to disregard both his self-defense theory and the State's murder theory and still permit his conviction. He urges that the facts warrant only a conviction for murder or a finding of not guilty by reason of self-defense.

The deceased and his brother had car trouble in the early morning hours of October 3, 1981, and walked to a service station where they telephoned the deceased's wife for assistance. Appellant testified that he came to the station to telephone for help because his car had a flat tire. Appellant's conversation with the brothers escalated into an argument, and a fight ensued between appellant, who wielded a knife, and the deceased, who used a pipe. The deceased died of a stab wound inflicted by appellant.

■ Aggravated assault is deemed to be raised in a murder case when the instrument with which the murder is committed is not a deadly weapon per se, or one which in the manner of its use is not ordinarily calculated to produce death, and when, in addition thereto, the evidence raises the issue of a lack of intent to kill. *Coit v. State,* 629 S.W.2d 263, 265–6 (Tex.App.— Dallas 1982, pet. ref'd). Submission of a charge on aggravated assault was required, for example, where the accused choked the victim and there was evidence of lack of intent to kill. *Cato v. State,* 534 S.W.2d 135, 136–137 (Tex.Cr.App.1976).

■ There is no question that the issue of lack of intent to kill is raised here. Appellant testified that the deceased struck him several times with the pipe, that he cut the deceased with the knife "to get him off me with that pipe," and that he never intended to kill the victim.

■ The issue of the weapon's deadliness is also raised. Appellant testified that he stabbed the deceased with a folding "double X" case knife he had in his pocket. When a weapon deadly *per se* is used in a deadly manner and death results, even though the defendant testified that he did

not intend to kill the victim, there is no need to give a charge on aggravated assault. *Ruiz v. State,* 523 S.W.2d 691, 694 (Tex.Cr.App.1975); *Gonzales v. State,* 632 S.W.2d 899, 902 (Tex.App.—Dallas 1982, pet. ref'd). Where injuries causing death are inflicted with the use of a weapon which is not deadly *per se* and where the evidence raises the issue of lack of intent to kill, it is then incumbent upon the court to charge the jury on aggravated assault. *Cato v. State, supra; Matheson v. State,* 508 S.W.2d 77 (Tex.Cr.App.1974). A pocket knife is not a deadly weapon *per se. McElroy v. State,* 528 S.W.2d 831, 833 (Tex.Cr. App.1975). The charge on the lesser offense was, therefore, necessary. Further, an accused cannot complain that he was charged, tried, or convicted for a lesser included offense rather than the greater offense. *Williams v. State,* 170 Tex.Cr.R. 593, 342 S.W.2d 581, 582 (1960). Appellant's first ground of error is overruled.

Although the reversible error related only to the punishment phase of trial, appellant had elected that the jury assess punishment. We may not, therefore, reform the sentence or remand for a new trial on punishment only. *Jefferson v. State,* 611 S.W.2d 102 (Tex.Cr.App.1981). Moreover, if appellant is again convicted in this cause, the State, having been unable once to prove sufficiently the facts necessary for a finding of "true" to the enhancement provisions, may not upon a new hearing of this cause have a second opportunity to prove the same enhancement allegations. *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr. App.1982) (en banc). Finally, inasmuch as a jury acquitted the appellant of the indicted offense of murder and found him guilty of the lesser included offense of aggravated assault, his retrial, if any, for aggravated assault must be upon a new indictment or felony information charging him with no greater offense than aggravated assault. Tex.Code Crim.Proc.Ann. art. 37.14 (Vernon 1981).

The cause is reversed and remanded.