Sanders v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-93-00303-CR







Andre Sanders, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0930767, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 The opinion issued herein on April 26, 1995, is withdrawn, and the following
opinion is filed in lieu thereof. 

 A jury found Andre Sanders, appellant, guilty of burglary of a vehicle. Penal
Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.04, 1973 Tex. Gen. Laws 883, 927 (Tex. Penal Code
Ann. § 30.04, since amended). The jury assessed punishment, enhanced as a habitual offender,
at imprisonment for seventy-seven years. On appeal, appellant contends that: (1) the trial court
erred by refusing to declare a mistrial when the prosecutor commented on his failure to testify;
and (2) the evidence is legally insufficient to support the conviction. We will affirm.



FACTUAL BACKGROUND


 On August 7, 1992, from an eighth-floor window, Department of Public Safety
investigator Rex Smith and two other witnesses saw a person breaking into an automobile in a
parking lot below. Smith took an elevator downstairs and arrested appellant. The other two
witnesses watched the burglar from the window until the arrest. All three witnesses testified that
from the eighth-floor window they could identify the burglar by his body-type and clothing (a
black T-shirt, jeans, and white tennis shoes), but not by his face.

 Appellant did not testify, but represented himself at the trial. His main defense was
that the three witnesses mistakenly identified him as the culprit. He pointed out discrepancies
between the witnesses' testimony on issues regarding the height and shirt-length of the burglar as
compared to appellant's own height and shirt-length and whether their view was completely
unobstructed and uninterrupted.

 The prosecution developed a theory that, to break into the automobile, appellant
used a bent key that police found in his possession. As pro se attorney, appellant cross-examined
a police officer about this theory, questioning why a person would use his personal car key to
break into an automobile. During jury argument, the prosecuting attorney addressed this issue:


 

MR. BRYAN (prosecutor): Andre Sanders has a bent key in his pocket. Okay. 
He's got an instrument that could be used to break into a car and it's bent. And
what do you know about the car? Well, the lock is destroyed by somebody
sticking an instrument in there with force. And what does he say about that key? 
Well, why would a person use their own personal car key to jam it in there and
twist it or bend it? Then they couldn't drive their own car. That's his argument. 
Well, that defies logic. Why would he? Well, to break into a car. Why would he? 
I don't know. Ask him. He's the one that had the bent key in his pocket.



(Emphasis added.) Appellant timely objected and the court sustained the objection and instructed
the jury to disregard. Appellant moved for a mistrial, which the court denied.



DISCUSSION
 

 A prosecutor's comment on the defendant's failure to testify violates the privilege
against self-incrimination in Article I, section 10 of the Texas Constitution and in the Fifth
Amendment to the United States Constitution, made applicable to the states by the Fourteenth
Amendment. Griffin v. California, 380 U.S. 609, 615 (1965); Gardner v. State, 730 S.W.2d 675,
700 (Tex. Crim. App.), cert. denied, 484 U.S. 905 (1987); Allen v. State, 693 S.W.2d 380, 381
(Tex. Crim. App. 1984); Nickens v. State, 604 S.W.2d 101, 102 (Tex. Crim. App. 1980); Bird
v. State, 527 S.W.2d 891, 893 (Tex. Crim. App. 1975). Such a comment also violates the Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.08 (West 1979); Lopez v. State,
793 S.W.2d 738, 741 (Tex. App.Austin 1990), pet. dism'd, improvidently granted, 810 S.W.2d
401 (Tex. Crim. App. 1991). The statute is violated when a prosecutor's comment is either
manifestly intended or of such a character that the jury would naturally and necessarily take it to
be a comment on the defendant's failure to testify. Banks v. State, 643 S.W.2d 129, 134 (Tex.
Crim. App. 1982), cert. denied, 464 U.S. 904 (1983). 

 Within the scope of proper jury argument are (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4)
a plea for law enforcement. Cook v. State, 858 S.W.2d 467, 476 (Tex. Crim. App. 1993);
Hathorn v. State, 848 S.W.2d 101, 117 (Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 3062
(1993); Harkey v. State, 785 S.W.2d 876, 882 (Tex. App.Austin 1990, no pet.). A prosecutor
is permitted to draw reasonable deductions from the evidence and respond to arguments made by
defense counsel so long as he does not exceed the scope of the invitation. Andujo v. State, 755
S.W.2d 138, 144 (Tex. Crim. App. 1988); Miranda v. State, 813 S.W.2d 724, 741 (Tex.
App.San Antonio 1991, pet. ref'd). Except for the words "ask him," the argument that appellant
complains of falls within summation of the evidence, reasonable deduction from the evidence, and
answer to argument of opposing counsel--all areas of proper jury argument.

 Appellant was acting as his own counsel in this case. In this context, the
prosecutor's invitation to "ask him" could reasonably have been interpreted by the jury not as a
comment on appellant's failure to testify, but as a challenge to appellant (as lawyer) to explain the
logic of his argument considering the fact that the bent key was found in his pocket. See
McMahon v. State, 582 S.W.2d 786, 791-92 (Tex. Crim. App. 1978), cert. denied, 444 U.S. 919
(1979).

 When a defendant chooses to represent himself at trial, he accepts the consequences
that go with exercising that right. See Webb v. State, 533 S.W.2d 780, 785 (Tex. Crim. App.
1976). He is not entitled to extra benefits because he is acting pro se. If appellant had been
represented by an attorney, it would have been proper jury argument to ask the attorney to explain
the logic of the argument implicit in his line of questions. See Barrientes v. State, 462 S.W.2d
292, 294 (Tex. Crim. App. 1971). Since the suggestion to "ask him" came in the opening
segment of the prosecution's argument, it was reasonable for the prosecution to assert that
appellant, in his role as defense counsel, should explain the logic of his argument.

 Moreover, to the extent that the jury may have understood the prosecutor's remarks
to be an indirect comment on appellant's failure to testify, we conclude that any error that did
occur was harmless. Texas's harmless error rule (1) is substantially equivalent to the United States
Supreme Court's harmless error standard stated in Chapman v. California, 386 U.S. 18 (1967). 
See Harris v. State, 790 S.W.2d 568, 584 (Tex. Crim. App. 1989). The applicable test under
either standard is whether the appellate court can determine beyond a reasonable doubt that the
error did not contribute to the verdict. Lopez, 793 S.W.2d at 743. We are to focus not on the
propriety of the outcome of the case, but on the integrity of the process leading to the conviction. 
Harris, 790 S.W.2d at 587. We must examine the record as a whole. The issue of harm must
be determined from the facts of each individual case and resolved according to the argument's
probable effect on the minds of the jurors and in light of the other evidence in the record. Lopez,
793 S.W.2d at 743. Factors to be considered include: (1) the source of the error; (2) the nature
of the error; (3) whether or to what extent the error was emphasized by the State; (4) the error's
probable collateral implications; (5) how much weight a juror would probably place on the error;
and (6) whether declaring the error harmless would encourage the state to repeat it with impunity. 
Harris, 790 S.W.2d at 587. Procedurally, we must first isolate the error and all its effects, using
the considerations set out above and any other considerations suggested by the facts of the cause;
second, we must ask whether a rational trier of fact might have reached a different result if the
error and its effects had not occurred. Id. at 588.

 In the context of the entire argument, any error made by the prosecutor in the
present case was insignificant. The State did not emphasize that appellant should testify regarding
the bent key, but merely responded to questions that appellant in his role as attorney asked earlier
in the trial. We believe the amount of weight a jury would place on this argument was negligible. 
The three eyewitnesses who watched appellant commit the offense provided such overwhelming
evidence of appellant's guilt that the impact of the prosecutor's comment was completely diluted.

 Finally, we conclude that any harm that may have resulted was cured by the trial
court's prompt instruction to disregard. Gardner v. State, 730 S.W.2d 675, 700 (Tex. Crim. App.
1987), cert. denied, 484 U.S. 905 (1987); Thompson v. State, 537 S.W.2d 732, 734-35 (Tex.
Crim. App. 1976). Although the instruction in this case was not as strong as that in Davis v.
State, 645 S.W.2d 817, 819 (Tex. Crim. App. 1983), it was followed closely by the instruction
in the court's charge where the jury was told that the defendant's failure to testify could not be
considered against him. The instruction to disregard the "ask him" argument as a comment on
the defendant's failure to testify sufficiently cured any harm that may have resulted from the
statement. We overrule point of error one.

 In his second point of error, appellant asserts that the evidence is legally insufficient
to prove beyond a reasonable doubt that appellant attempted to enter the vehicle with the specific
intent to commit theft. The critical inquiry on review of the legal sufficiency of the evidence to
support a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence
at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App.
1981). 

 Intent to commit any felony or theft is an element of the offense of burglary of a
vehicle. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.04, 1973 Tex. Gen. Laws 883, 927
(Tex. Penal Code Ann. § 30.04, since amended). It is well established that the specific intent to
commit theft can be inferred from the circumstances. Simmons v. State, 590 S.W.2d 137, 138
(Tex. Crim. App. 1979); Cadieux v. State, 711 S.W.2d 92, 95 (Tex. App.Austin 1986, pet.
ref'd). We believe a rational trier of fact could have inferred intent to commit theft beyond a
reasonable doubt based on the circumstances of this case. 

 At trial, witness Cathleen Queen testified that she saw a man dressed as appellant
fumble with the car door, get into the car, and fumble inside the car. The owner of the car
testified that: it was her practice to lock the car, after notification of the break-in she discovered
the driver's side door lock had been broken, and she did not know appellant or give permission
for him to enter her car. DPS investigator Rex Smith testified that he saw the person sitting on
the driver's side of the car making movements around the steering wheel and glove box. He also
testified that after searching appellant he found the bent key. Austin Police Office Charles Smith
testified that the bent key was probably used to gain access to the car by forcing it into the lock. 
Based on this evidence, we conclude that the record contains ample evidence for a rational trier
of fact to have found intent to commit theft beyond a reasonable doubt. See Cadieux, 711 S.W.2d
92, 95 (Tex. App.Austin 1986, pet. ref'd). We overrule point of error two.



CONCLUSION



 We affirm the conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 31, 1995

Do Not Publish

1. [1]  Tex. R. App. P. 81(b)(2) provides:


Criminal Cases. If the appellate record in a criminal case reveals error in the
proceedings below, the appellate court shall reverse the judgment under review,
unless the appellate court determines beyond a reasonable doubt that the error
made no contribution to the conviction or to the punishment.