**David N. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–332–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 21, 1989.

Bob Tarrant, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

### OPINION

NYE, Chief Justice.

A jury found appellant guilty of delivering less than twenty-eight grams of cocaine and assessed as punishment ten years' confinement in the Texas Department of Corrections. By two points of error, appellant alleges the indictment is fundamentally defective for failing to charge an offense, and he contends the evidence is insufficient to support his conviction. We reverse the trial court's judgment.

The State's evidence showed that police provided cocaine to an informant, Reginald Ross. Ross went to a pre-arranged location and delivered the drug to appellant in exchange for money. As appellant drove away, police stopped his car. Appellant stepped out and placed the cocaine under his vehicle. The evidence showed that the cocaine recovered from beneath appellant's vehicle was the same cocaine provided to Ross.

Appellant testified that he had never bought cocaine from Ross. He said that he met Ross for the purpose of loaning him money. He also testified that he did not place the cocaine underneath his vehicle.

The indictment alleges, in relevant part: that in Harris County, Texas, DAVID N. WILLIAMS hereinafter styled the Defendant, heretofore on or about February 4, 1988, did then and there unlawfully intentionally and knowingly deliver, by actual transfer from REGINALD ROSS,

to the Defendant, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, less than 28 grams.

It is further presented that in Harris County, Texas, DAVID N. WILLIAMS, hereafter styled the Defendant, heretofore on or about February 4, 1988, did then and there unlawfully, intentionally and knowingly deliver by constructive transfer from REGINALD ROSS, to the Defendant, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, less than 28 grams.

Tex.Rev.Civ.Stat.Ann. art. 4476–15 Sec. 4.03(a) (Vernon Supp.1989), states that a person commits an offense if he knowingly or intentionally delivers a controlled substance listed in Penalty Group 1. Cocaine is included within this penalty group. *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, Sec. 4.02(b)(3)(D) (Vernon Supp.1989).

"Deliver" or "delivery" is defined by the Controlled Substances Act to mean "the actual or constructive transfer from one person to another of a controlled substance...." Tex.Rev.Civ.Stat.Ann. art. 4476–15, Sec. 1.02(7) (Vernon Supp.1989). *In Daniels v. State*, 754 S.W.2d 214, 220 (Tex.Crim.App.1988), our Court of Criminal Appeals defined "delivery" as "a handing over; the surrender of possession to another.... For some purposes, a delivery is accomplished by nothing more than making a thing available to another, placing it within his reach, notwithstanding there is no actual handing of the thing from one person to another."

■ The instant indictment charges appellant with delivery of cocaine by *receiving* it from Ross. This cannot be. The indictment alleges two types of delivery: actual transfer and constructive transfer. An actual transfer occurs when the person associated with the contraband has possession and control over it. On the other hand, a constructive transfer occurs when the person associated with the contraband does not have possession of the contraband; rather, the person only has control over the contraband.

In *Queen v. State*, 662 S.W.2d 338, 340–41 (Tex.Crim.App.1983), our Court of Criminal Appeals stated that the critical factor in cases involving constructive transfer is that "prior to the delivery the substance involved was directly or indirectly under the defendant's control." Even though *Queen* involves constructive transfer situations, control is essential to both forms of delivery. Thus, we see no reason why this rule should not apply to actual transfer cases as well.

■ In the instant case, the State argues that the transferred cocaine was under appellant's indirect control since he allegedly initiated the narcotics transaction. We disagree with this argument. Ross testified that he delivered the cocaine to appellant. Even though this transaction could not have been completed without appellant's participation, the evidence clearly shows that appellant did not transfer (or deliver) cocaine. He merely received the cocaine in exchange for money. Assuming the cocaine was under appellant's control before the receipt, and it was also under his control after the receipt, there was no transfer (or delivery) of control from appellant to another. In order for a delivery of a controlled substance to occur, there must be an *"actual or constructive transfer from one person to another...."* (emphasis ours). *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, Sec. 1.02(7) (Vernon Supp.1989). This indictment fails to allege an offense, therefore, it is fundamentally defective. *Ex parte Hawkins*, 722 S.W.2d 424, 425 (Tex.Crim.App.1986).

■ In light of the foregoing discussion, it is axiomatic that the State failed to establish an essential element of the offense of delivery of a controlled substance. In other words, the State failed to show that appellant either actually or constructively transferred cocaine to another. Accordingly, we sustain appellant's points of error.

Under the mandate of the United States Supreme Court in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a judg-

ment of conviction must be set aside if the evidence is insufficient to support a finding of guilty, and an order of acquittal ordered. Therefore, since there was no evidence of delivery (actual or constructive), we must REVERSE the judgment of the trial court and order on REMAND that a judgment of acquittal be entered.