**Jorge Serrato SOLIS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–89–147–CR.**

Court of Appeals of Texas, Eastland.

Oct. 18, 1990.

Rehearing Granted Oct. 18, 1990.

Discretionary Review Refused Feb. 6, 1991.

John H. Hagler, Dallas, for appellant.

Ernie B. Armstrong, Dist. Atty., Snyder, for appellee.

OPINION

McCLOUD, Chief Justice.

Appellant was indicted in a two-count indictment for the offenses of attempted capital murder (first count) and aggravated robbery (second count). Appellant pled guilty to the "attempted capital murder" charge. There was no plea bargain agreement. Following the introduction of extensive evidence, the trial court found the appellant guilty of "aggravated robbery."

Punishment was assessed at confinement for life. We affirm.

In his sole point of error, appellant urges that the conviction must be set aside because appellant never entered a plea to the offense for which he was convicted. We disagree.

There is no challenge to the sufficiency of the evidence. The complainant was working as a cashier in a convenience store when appellant entered. Appellant approached the complainant at the counter, pushed her against a wall, and held a knife over her. A struggle ensued during which appellant cut the complainant on the right arm and stabbed her in the chest causing her lung to collapse. Appellant then took money from the complainant. Another employee entered the store and saw the complainant on the floor with appellant kneeling beside her. Appellant grabbed that employee by the wrist but released her and fled when a car pulled up in front of the convenience store. There is evidence that the complainant sustained serious bodily injuries. The appellant testified that he never intended to harm the complainant.

At the close of the evidence, the trial court stated:

I think from the evidence that has been presented to the Court yesterday and today, I think that the evidence shows beyond a reasonable doubt that the Defendant is guilty as charged with aggravated robbery, and there is some evidence that the Defendant was guilty of attempted capital murder. However, the Court has at least some reasonable doubt as to whether the Defendant is guilty of attempted capital murder.

So I find from the evidence beyond a reasonable doubt that the Defendant, Jorge Serrato Solis, is guilty of aggravated robbery.

Appellant did not object at the time of trial to the trial court's finding him guilty of aggravated robbery. He objects for the first time on appeal.

Appellant relies upon TEX.CODE CRIM. PRO.ANN. art. 27.13 (Vernon 1989) which provides that a plea of "guilty" in a felony case must be made in open court by the defendant in person. Appellant argues that he did not plead guilty to the offense of aggravated robbery.

During argument to the trial court following presentation of the evidence, appellant's counsel stated:

Now, with respect to the offense of aggravated robbery, Your Honor, it would seem to me that the offense for which the Defendant is more appropriately guilty of is aggravated robbery, Your Honor. He admits that, yes, he went in the store to take the money. He admitted that he had a weapon. He admitted that the weapon could cause death. So we have an aggravated robbery, Your Honor. And I would submit to the Court that we do not have an attempted capital murder, but we do have a—based upon the evidence before this Court and I would submit to the Court that I think the Court had some question at some point in time because the Court asked the attorneys to approach the bench. And it would seem to me that the appropriate offense for which the Defendant should be found guilty is the offense of aggravated robbery and not attempted capital murder, Your Honor.

The evidence in the instant case establishes that aggravated robbery was a lesser included offense of attempted capital murder. See *Broussard v. State*, 642 S.W.2d 171 (Tex.Cr.App.1982). The Court in *Moon v. State*, 572 S.W.2d 681 (Tex.Cr. App.1978), expressly stated that the trial court, in a plea of guilty before the court, could find a defendant guilty of a lesser included offense:

There now seems to be no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. *It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense* and assess the appropriate punishment or it may find the defendant not guilty. (Emphasis added)

The trial court in the instant case complied with the Court's instruction in *Moon*. The trial court was concerned with the sufficiency of the evidence to support appellant's guilty plea to attempted capital murder. Appellant's trial counsel urged the trial court to find appellant guilty of aggravated robbery and not guilty of attempted capital murder. We hold that the trial court did not err in finding appellant guilty of aggravated robbery, a lesser included offense, upon appellant's plea of guilty to attempted capital murder.

Judgment of the trial court is affirmed.