Hector Martin MELLO, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–115–CR.

Court of Appeals of Texas, Eastland.

Feb. 28, 1991.

Discretionary Review Refused June 19, 1991.

Vickie Turko, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

## OPINION

ARNOT, Justice.

Appellant, Hector Martin Mello, was indicted for delivery of cocaine. Appellant waived trial by jury, and the court found appellant guilty of the lesser included offense of possession of cocaine. Punishment was enhanced by three prior felony convictions and assessed by the trial court at confinement for life and a $35,000 fine. This appeal was transferred from the First Houston Court of Appeals to this Court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988). We affirm.

Appellant complains (1) that the trial court erred by considering the offense of possession of a controlled substance as a lesser included offense of delivery of a controlled substance without a request

from either party and (2) that the evidence is insufficient to prove that appellant committed the offense of possession of a controlled substance.

On March 7, 1989, two Drug Enforcement Administration Agents, Frank M. McDaniel and Lou–Anne Wallenstrom, along with an informant, Keith McComber, met with Frank Skero in Humble, Texas, to arrange a purchase of two kilograms of cocaine. The next day, McComber and Agents McDaniel and Wallenstrom met Skero in the parking lot of a Wendy's. After showing Skero the $36,000 purchase money, Skero and Agent McDaniel drove across the street to meet appellant. Agent Wallenstrom and McComber followed in an undercover car. Appellant told Agent McDaniel that he needed to go to a nearby subdivision where the "merchandise" was in the trunk of a vehicle. Agent McDaniel refused to go to the subdivision but agreed to follow appellant to a video store. Upon arrival, Skero entered the video store while Agents McDaniel and Wallenstrom waited in the parking lot for appellant to return with the cocaine. Appellant returned in approximately five to ten minutes. Agent McDaniel walked over to appellant's car, and appellant opened a plastic bag and showed him two packages inside the bag. Agent McDaniel, believing the packages contained cocaine, told Agent Wallenstrom to bring the money. Agent Wallenstrom got out of her car and gave the "bust" signal. Appellant was arrested, and the Agent Wallenstrom retrieved the bag with the two packages.

Appellant first complains that the trial court committed reversible error by considering sua sponte the offense of possession of a controlled substance as a lesser included offense of delivery of the same substance. Appellant claims the trial court's consideration of the lesser offense was improper because a jury instruction is only required when (1) the lesser included offense is included within the proof necessary to establish the offense charged and (2) there is some evidence in the record

that, if the defendant is guilty, he is guilty only of the lesser included offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App. 1981). We disagree.

Appellant's arguments address the issue of when the trial court improperly refuses to give the jury an instruction on a lesser included offense, not the issue of the trial court's inherent authority to consider any lesser included offenses. Once the jurisdiction of the trial court has been properly invoked, the trial court may proceed to judgment upon any lesser included offense that is determined from the offense charged and the facts of the case. *Cunningham v. State*, 726 S.W.2d 151 (Tex.Cr. App.1987); *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1976). The elements of lesser included offenses are considered to have been alleged within the elements in the indictment alleging the greater offense. *Chew v. State*, 639 S.W.2d 27 (Tex.App.— Dallas 1982, no pet'n). It is the duty of the trial court to consider the evidence submitted, and, as the trier of fact, the trial court may find the appellant guilty of a lesser offense and assess the proper punishment or may find the defendant not guilty. *Moon v. State*, 572 S.W.2d 681 (Tex.Cr.App.1978); see also *Solis v. State*, 798 S.W.2d 620 (Tex.App.—Eastland 1990, pet'n ref'd). Thus, as the trier of fact, the trial court was authorized to find appellant not guilty of the greater offense of delivery of a controlled substance but guilty of any lesser included offense. Further, since the lesser offense is deemed beneficial, an accused cannot complain on appeal that he was tried or convicted for the lesser offense rather than the greater. *Chew v. State*, supra; *Ex parte Green*, 548 S.W.2d 914 (Tex.Cr.App.1977); *Williams v. State*, 170 Tex.Crim. 593, 342 S.W.2d 581 (1960).

TEX.CODE CRIM.PRO.ANN. art. 37.09 (Vernon 1981) provides that:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Whether one offense bears such a relationship to the offense charged so as to constitute a lesser included offense must be made on a case-by-case determination because the statute defines lesser included offenses in terms of the offense charged and in terms of the facts of the case. *Ex parte McClelland*, 588 S.W.2d 957 (Tex.Cr. App.1979); *Day v. State*, supra. The controlling factor is whether the lesser offense could be proved by the same facts as necessary to establish the offense charged. *Jones v. State*, 586 S.W.2d 542 (Tex.Cr. App.1979). This determination is made without regard to punishment; one offense may be a lesser included offense of another even if it carries the same penalty. *Stockton v. State*, 756 S.W.2d 873, 876 (Tex.App. —Austin 1988, no pet'n).

■ The instant indictment alleges delivery of cocaine by actual transfer, delivery of cocaine by constructive transfer, and delivery of cocaine by offer to sell. Possession of a controlled substance could be proved by the same facts necessary to establish *actual transfer* of a controlled substance. *Jones v. State*, supra. Actual transfer of contraband occurs when the person associated with the contraband has *possession* and control over it. *Williams v. State*, 783 S.W.2d 301 (Tex.App.—Corpus Christi 1989, no pet'n). Appellant's conviction for possession of cocaine was, therefore, authorized under the indictment as a lesser included offense of actual transfer. Moreover, no objection was made to the trial court's continuing the case on possession. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the evidence was insufficient to prove that he committed the offense of possession of a controlled substance. In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989).

■ Appellant first complains that the evidence is insufficient because the evidence technician who received the packages did not testify at trial. This argument attacks the chain of custody of State's Exhibits Nos. 1 and 2, the two packages containing cocaine. An insufficient chain of custody, however, affects only the weight of the evidence and not its admissibility. Proof of the beginning and the end of the chain will support admission of the narcotics into evidence barring any showing of tampering or alteration. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex.Cr.App.1989). Any gaps in the chain go to weight rather than to admissibility. *Beck v. State*, 651 S.W.2d 827 (Tex.App.—Houston [1st Dist.] 1983, no pet'n).

■ Agent McDaniel identified State's Exhibits Nos. 1 and 2 as the two packages containing what Agent McDaniel believed to be cocaine that appellant showed him in the parking lot of the video store. Agent Wallenstrom testified that she retrieved the bag containing the two bricks of cocaine immediately after the bust. Agent Wallenstrom identified her initials on Exhibits Nos. 1 and 2. She further testified that she placed them in a "secure bag" and mailed them to the Drug Enforcement Administration laboratory in Dallas.

Darrell Lynn Davis, a forensic chemist for the Drug Enforcement Administration, identified Exhibits Nos. 1 and 2 as the evidence received via registered mail by an evidence technician. Davis testified that

the evidence was marked received on March 17, 1989, and placed into an evidence vault. He received this evidence, packaged in Exhibits Nos. 1 and 2, on May 25, 1989, from the technician. The white powder analyzed was inside these exhibits. To perform his analysis, Davis took the contents of Exhibits Nos. 1 and 2, mixed them together, extracted 30 grams as a representative sample, and separated the rest into State's Exhibits Nos. 1A and 2A. Davis identified State's Exhibit No. 3 as the sealed box in which the evidence was mailed back to Houston and State's Exhibit No. 4 as the 30–gram composite from Exhibits Nos. 1A and 2A. Agent Wallenstrom identified State's Exhibit No. 3 as the box she received containing the returned evidence. The box was returned in a sealed condition and remained sealed until trial. With this testimony, the State established the beginning and the end of the chain of custody. Any gap in the chain resulting from the failure of the technician to testify affects only the weight to be given to the evidence, not its admissibility.

 Appellant also argues that, since the chemist tested only 30 grams of the substance, the evidence is insufficient to support his finding that all of the substance was cocaine. This argument is without merit. Davis testified that he mixed the contents of Exhibits Nos. 1 and 2 into a homogenous mixture and extracted 30 grams as a representative sample to analyze. This mixture was marked State's Exhibit No. 4. Davis testified that, based on his analysis of the 30 grams, the contents of Exhibits Nos. 1A, 2A, and 4 were 100 percent pure cocaine with no adulterants or dilutants and that the total amount of cocaine equaled over 2,000 grams.

The evidence is sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant possessed more than 400 grams of cocaine. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.