Alonzo Devale LEE, Appellant,

v.

**The STATE of Texas, Appellee.**

No. A14–91–01285–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1993.

Rehearing Denied Sept. 16, 1993.

Rick Brass, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

Appellant pled not guilty to a charge of capital murder. The jury found appellant guilty of the lesser included offense of murder, and also found that he used or exhibited a deadly weapon during the commission of that offense. Punishment was assessed at confinement for life and a $10,000 fine. Appellant brings five points of error contending that the trial court erred in: (1) refusing his request for a charge on the lesser included offenses of aggravated assault and reckless conduct, (2) overruling his objection to the court's instruction on murder, and (3) permitting the State to exclude a venireperson in violation of Batson[1]. We affirm.

On May 12, 1989, the complainant, Lorrie Ann Midkiff, drove to Antone's Sandwich Shop, located a few blocks from her place of employment, to purchase lunch orders for her fellow employees. While she was waiting in line at the drive through window, appellant approached her car and attempted to open the passenger side door. When he could not open the door, he walked around the back of the car and approached the driver's side door. After pulling the door window from its normal position, appellant stuck both of his arms inside the car.

One witness at the scene testified that he heard a "pop," and then saw appellant withdraw his hand from the window and conceal it under his jacket. Several other witnesses testified that after appellant withdrew his hands from inside the complainant's car, he put his head down and walked briskly toward another car. Appellant entered the passenger's side of the waiting car, and the car then left the scene.

Several witnesses then approached the complainant's vehicle to find her conscious, but struggling to breathe. One witness testified that the complainant's eyes were dilated, and she appeared to be having convulsions. The complainant died shortly after being transported to the hospital by paramedics. The medical examiner's report listed the cause of death as a gunshot wound to the back.

In his first point of error, appellant argues that the trial court's conclusion that the State cannot violate Tex.Code Crim.Proc.Ann. art. 35.261 (Vernon 1989) and Batson, unless more than one prospective juror is unlawfully excluded, was clearly erroneous. Appellant contends that the trial court's hesitancy in making a ruling on his Batson challenge was due to the court's mistaken belief that the defense must show a pattern of racially motivated strikes.

We begin by noting that the United State Constitution is offended by so much as a single strike exercised on the basis of race. Linscomb v. State, 829 S.W.2d 164, 166 (Tex. Crim.App.1992). Thus, it is not necessary that an aggrieved party demonstrate any more than one instance of racial prejudice in jury selection to prove a constitutional violation. Id.

As appellant points out, the trial judge warned the prosecutor that "another one like this" and he would grant the defense's motion. However, our reading of the voir dire reveals that the trial court was more concerned with a party making a Batson challenge so early in the voir dire process, as opposed to sustaining the defendant's objection on the basis of a single juror. Accordingly, we do not agree with appellant's position that the trial court denied his Batson challenge based solely on his belief that more than one unconstitutional strike must surface. Therefore, we will address appellant's second point of error and review the trial court's ruling to determine if any error has been committed. Harris v. State, 827 S.W.2d 949, 955 (Tex.Crim.App.1992).

In passing upon the Batson challenge, we review the evidence adduced at the Batson hearing in the light most favorable to the trial court's ruling. Williams v. State, 804 S.W.2d 95 (Tex.Crim.App.1991). We will not overturn a trial judge's finding that the State exercised its strike(s) in a race neutral manner unless such ruling is clearly erroneous.

1. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

*Whitsey v. State,* 796 S.W.2d 707, 720–23 (Tex.Crim.App.1989) (op. on reh'g).

During the middle of voir dire and immediately after the State exercised its first peremptory strike against veniremember Wayne Allen, appellant objected to the strike on the basis that it was racially motivated. Appellant then offered proof of a prima facie case of discrimination, by establishing that several veniremembers accepted by the State possessed the same characteristics as Mr. Allen, the only difference is they were white and Mr. Allen was black. The trial court then held a hearing to determine the State's reasons for striking this potential juror. The prosecutor explained that she struck Mr. Allen because he described himself as a liberal, he has an extensive religious background, and his brother-in-law was charged with murder. After some discussion as to the procedure to be undertaken, the trial court found that the State's strike was based on race-neutral grounds.

On appeal, appellant claims the prosecutor's explanations are mere pretext because non-black jurors acceptable to the State, possessed the same characteristics. Specifically, appellant argues that juror no. three indicated on his questionnaire that he had studied for the ministry or held a church position. However, when the prosecutor questioned juror no. three about his religious background, he stated that he held a church office as a youth, and at the present time he was not involved in any religious activity. The State contends that Mr. Allen on the other hand, presently enjoys a strong religious background. Juror no. three also indicated that he had been falsely accused of a felony offense, however, he informed the prosecutor that he did not feel like the system treated him unfairly, and he believed he would be able to be a fair juror in any criminal case. Finally, juror no. three identified himself as a conservative.

Appellant also points to the State's acceptance of juror no. twenty who responded on his juror questionnaire that he was a "liberal democrat." However, as the State points out, this philosophy related mainly to political and economic beliefs. When questioned on his belief concerning crime and punishment, juror no. twenty expressed a conservative view.

Finally, juror no. thirteen stated that he testified for a friend who ultimately was convicted of a crime. However, when questioned about that trial, juror no. thirteen stated that his exposure to the trial was limited and he was not certain of the outcome. The State argues that this is quite unlike the feelings one might have after a relative (brother) is prosecuted, as was the case with Mr. Allen. Appellant also compares Mr. Allen with prospective juror no. twenty-seven. The only objectionable characteristic of this juror was her previous service on a criminal jury that was unable to reach a verdict. However, the prosecutor did not strike Mr. Allen on that basis, and the two individuals share no other characteristics.

▇▇▇ The fact that a veniremember represents himself to be a "liberal" constitutes a race-neutral explanation for the exercise of a peremptory strike. *Henderson v. State,* 816 S.W.2d 845, 848 (Tex.App.—Fort Worth 1991, no pet.). A prospective juror's strong religious background is also a race-neutral basis for exercising a peremptory strike. *Dixon v. State,* 828 S.W.2d 42, 45–46 (Tex. App.—Tyler 1991, pet. ref'd). Finally, it is permissible to strike a potential juror on the basis that he has a friend or relative who has been arrested or convicted. *See Dutton v. State,* 836 S.W.2d 221, 225 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Davis v. State,* 822 S.W.2d 207, 211 (Tex.App.—Dallas 1991, pet. ref'd).

▇▇▇ As recently noted by the Court of Criminal Appeals, "disparate treatment" cannot automatically be imputed in every situation where one of the State's bases for striking a venireperson would technically apply to another venireperson whom the State found acceptable. *Cantu v. State,* 842 S.W.2d 667, 689 (Tex.Crim.App.1992). The State's use of its peremptory challenges is not subject to rigid quantification. *Id.* Potential jurors may possess the same objectionable characteristics, yet in varying degrees. *Id.* The fact that jurors remaining on the panel possess one or more of the same characteristics

as a juror that was stricken, does not establish disparate treatment. *Id.*

■ Our review of the record reveals that Mr. Allen possessed three objectionable characteristics in the eyes of the prosecutor, whereas, the jurors accepted by the State possessed maybe one, and if so, to a lesser degree. After reviewing the evidence in the light most favorable to the ruling below, we find the trial court's denial of the *Batson* challenge was not clearly erroneous. Appellant's first and second points of error are overruled.

■ In his third and fourth points of error, appellant contends that the trial court erred in failing to charge the jury on the lesser included offenses of aggravated assault and reckless conduct. The two-prong test established in *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981) has consistently been held to be the standard to determine when a jury charge on a lesser included offense must be given. Under *Royster*, to receive a lesser included offense charge, the lesser included offense must be included within the proof necessary to establish the offense charged, and second, some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985) (citing *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981)).[2]

We now turn to the facts of the instant case. The Court of Criminal Appeals has held aggravated assault to be a lesser included offense of capital murder. *Dowden v. State*, 758 S.W.2d 264, 269 (Tex.Crim.App. 1988). Thus appellant meets the first prong of the two-part test as to aggravated assault.

Reckless Conduct is defined in V.T.C.A. Penal Code, § 22.05(a) as "conduct that places another in imminent danger of serious bodily injury." Recklessness is presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded. Tex.Penal Code Ann. § 22.05(b) (Vernon 1989).

Article 37.09 of the Code of Criminal Procedure provides that:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less that all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981).

■ Whether one offense bears such a relationship to the offense charged so as to constitute a lesser included offense must be made on a case-by-case determination. *Day v. State*, 532 S.W.2d 302 (Tex.Crim.App. 1976); *Mello v. State*, 806 S.W.2d 875 (Tex. App.—Eastland 1991, pet. ref'd); *Livingston v. State*, 739 S.W.2d 311, 336 (Tex.Crim.App. 1987). The controlling factor is whether the lesser included offense could be proved by the same facts as necessary to establish the offense charged. *Jones v. State*, 586 S.W.2d 542 (Tex.Crim.App.1979); *Mello*, 806 S.W.2d at 878.

In the instant case, the State, by proceeding on the charge of capital murder, was

---

**2.** The Court of Criminal Appeals has recently interpreted this two-prong test. In *Rousseau v. State*, 855 S.W.2d 666 (Tex.Crim.App.1993) (reh'g denied April 7, 1993), the Court held that the appropriate test to be applied in determining whether a defendant is entitled to a charge on a lesser included offense is:

first, the lesser offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must ex-

ist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.

(emphasis on portion added to *Royster* test). *Rousseau*, 855 S.W.2d at 673. The Court however noted, that it is not the intent of the Court to change the substantive test of *Royster*, instead only to interpret and clarify existing law. *Id.* at n. 3.

faced with the burden of showing that appellant committed murder while in the course of committing a robbery. The record establishes that the cause of death was a gunshot wound to the back. The use of a firearm is therefore presumed. Thus, within the proof necessary to prove capital murder, as well as murder, there existed the proof necessary to prove reckless conduct.

Having determined that both aggravated assault and reckless conduct are included within the proof necessary to establish the charged offense, we now must determine whether the evidence of the lesser offense(s) would be sufficient for a jury rationally to find that the defendant is guilty only of that offense, and not the greater offense. *Rousseau,* 855 S.W.2d at 673.

Under the second prong of *Royster,* appellant was entitled to a charge on the lesser included offense of aggravated assault if there was some evidence that would permit a jury rationally to find that appellant lacked the intent to cause the death of the victim. *See Curtis v. State,* 573 S.W.2d 219, 223 (Tex.Crim.App.1978). In determining whether the trial court erred in failing to give a charge on the lesser included offense, we review all of the evidence presented at trial. *Havard v. State,* 800 S.W.2d 195, 216 (Tex.Crim.App.1989) (opinion on reh'g). The credibility of the evidence and whether it conflicts with other evidence must not be considered in deciding whether the charge on the lesser offense should be given. *Saunders v. State,* 840 S.W.2d 390, 391 (Tex.Crim.App.1992); *Lugo v. State,* 667 S.W.2d 144 (Tex.Crim.App.1984).

The evidence adduced at trial shows that appellant admitted approaching the complainant and pointing a gun at her intending to steal her car. However, he denied that he intended to kill her, and instead, contends that the gun discharged accidentally when the complainant rolled up her car window on his hand. Appellant argues that this evidence entitles him to a jury charge on the lesser included offense.

Appellant was charged with intentionally killing the complainant while in the course of committing a robbery. The evidence is uncontroverted concerning whether appellant was attempting to commit a robbery. By his own confession, appellant stated that he approached the complainant's vehicle intending to steal it, pointed a pistol at her, and told her to get out of the car.

There is no requirement in the case of capital murder committed in the course of a robbery, that the intent to cause death be premeditated or formulated prior to the commission of the robbery. *Rousseau,* 855 S.W.2d at 674. Furthermore, a homicide committed in the course of a robbery does not comprise the offense of aggravated assault. Rather, such an act constitutes at the very least, the offense of felony-murder as defined by Tex.Penal Code Ann. § 19.-02(a)(3).[3] Given the facts in the instant case, a jury could not rationally find appellant guilty only of aggravated assault.

Likewise, even if appellant's confession presents some evidence that the shooting was reckless, rather than intentional, there is no evidence in the record upon which a jury could rationally find that if appellant is guilty, he is guilty only of reckless conduct. Although appellant's actions might be classified as reckless, the fact that a homicide was committed in the commission of another felony, precludes a jury from rationally finding appellant guilty only of reckless conduct. Consequently, appellant was not entitled to a charge on the lesser included offenses of aggravated assault or reckless conduct. Points of error three and four are overruled.

In his fifth point of error, appellant claims the trial court erred by instructing the jury on the theory of murder, because that offense is not a lesser included offense of capital murder. He argues that the requisite intents are different and there was no evidence tending to show that appellant had the specific intent to cause serious bodily injury to the complainant. Appellant contends that the evidence shows that he did not intend to

3. The State readily admits that there was some evidence presented that, if guilty, appellant was guilty only of felony murder.

**588**

shoot the complainant, but only to rob her. He claims that the evidence supports his contention that the shooting was the result of the complainant closing the car window on his hand causing the gun to discharge.

Texas Penal Code § 19.03(c) provides that, "if the jury does not find beyond a reasonable doubt that the defendant is guilty of [capital murder], he may still be convicted of murder or of any other lesser included offense." *See Livingston v. State*, 739 S.W.2d at 336. Accordingly, appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.