# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00785-CR

---

**Sam Dugger, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 00-3370-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING

---

After a bench trial, the trial court found that Sam Dugger drove while intoxicated and had been previously convicted of driving while intoxicated ("DWI"). *See* Tex. Penal Code Ann. §§ 49.04, 49.09 (West Supp. 2001). The court assessed sentence at 365 days in jail. Dugger contends that the evidence is legally and factually insufficient to show that he drove while intoxicated or that he had been previously convicted of DWI. Because the State concedes the absence of evidence of a previous conviction, we will reform the judgment of conviction and affirm the conviction as reformed. We will reverse the punishment assessed, and remand the cause to the trial court for further proceedings.

Department of Public Safety trooper Christopher Hughes testified that he observed a moving vehicle displaying only one license tag and an expired registration sticker. He saw the car weave onto the shoulder and then back into traffic. After stopping the car, Hughes noticed that Dugger, its driver, had a flushed face and glassy[1] eyes. Hughes noted a moderate odor of alcoholic beverages; he testified that Dugger admitted to having two beers before driving. Hughes also noted that Dugger was fidgety when asked to perform the field sobriety tests. Hughes said Dugger exhibited four of the six indicators of intoxication on the horizontal gaze nystagmus test, but exhibited none of the clues on the vertical gaze nystagmus test. Hughes testified that, as he instructed Dugger on the walk-and-turn test, Dugger had difficulty balancing. When Dugger began performing the test, he started walking off the line to the right, stumbled, and stopped; Hughes said that in doing so Dugger had already exhibited two of the indicators of intoxication. Hughes testified that Dugger then said, "You know you might as well just go ahead and arrest me because I have warrants for my arrest, and there's no reason for me to continue doing this." Hughes arrested him. Hughes found an open beer in the car and thirteen sealed beers in an ice chest in the back seat. Dugger said he had been awake and working for thirty straight hours on a construction site. Hughes said that in the patrol car and in the jail, Dugger exhibited mood swings, mumbled speech, physical shaking, and dilated eyes. Dugger's intoxilyzer test administered after the arrest showed zero alcohol content in his blood.

Carlo Klott, the doctor for the Williamson County jail, testified regarding his post-arrest treatment of Dugger. Klott tested Dugger's blood and urine to help treat abdominal pain and

---

[1] The reporter's record indicates "glossy" eyes, but glassy is the customary terminology.

infected insect bites. Klott said the tests showed Dugger had ingested benzodiazepines (such as Valium or Xanax) in the previous seventy-two hours, amphetamines (including methamphetamines) within the previous forty-eight hours, and marihuana sometime in the previous five to seven days. Klott testified that those drugs could cause glassy eyes and a flushed face and that methamphetamines could cause someone to act excitedly or hyperactively. Klott said that Dugger told him he had not been drinking before his arrest.

Dugger argues by his first two issues that the evidence is not legally and factually sufficient to support his conviction. We limit this inquiry to the evidence of DWI unenhanced by previous convictions; we will review the evidence of previous convictions under issue three. When reviewing the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the judgment and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). We resolve any inconsistencies in the evidence in favor of the verdict. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for both direct and circumstantial evidence. *See Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). When reviewing the factual sufficiency of the evidence, we consider all the evidence in a neutral light and reverse only if the verdict is so contrary to the overwhelming weight of the evidence as to be unjust. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2001); *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

Under the indictment, the State had to prove that Dugger operated a motor vehicle in a public place within Williamson County when he did not have the normal use of mental and

3

physical faculties by reason of the introduction of an unknown controlled substance, a drug, or a combination of both into his body. *See* Tex. Penal Code Ann. §§ 49.01(2)(A) & 49.04(a) (West Supp. 2001). Dugger disputes the sufficiency of the evidence only regarding his intoxication.

We conclude that legally and factually sufficient evidence support the finding that he was intoxicated. The indictment alleges, not alcohol intoxication or a particular level of intoxicant in his system, but the loss of faculties due to consumption of drugs or controlled substances. Dugger had difficulty controlling his automobile. His face was flushed, his pupils were dilated, and his eyes were glassy. He was fidgety and his mood swung wildly. He had difficulty standing and walking. He showed several indicators of intoxication on field sobriety tests. Subsequent tests showed he had a cocktail of drugs in his system, ingested sometime before he began his drive; the signs of intoxication he showed during his arrest were consistent with the drugs in his system. While in jail, he had symptoms consistent with withdrawal from these drugs (other than marihuana). His inability to control his car and himself were consistent with the drugs found in his system. Neither the fact that he tested negative for alcohol in his blood nor the possibility that he ingested the other drugs days before he was driving renders unjust his conviction for intoxication by other substances. We resolve the first two issues against Dugger, concluding that the evidence is sufficient to support a conviction for unenhanced DWI.

By his third issue, Dugger contends that the evidence was insufficient to show that he had been previously convicted of DWI, a fact alleged to enhance the offense. The State concedes that it failed to introduce evidence of previous convictions. We resolve this issue in Dugger's favor.

4

In a bench trial, the trial court is authorized to find the defendant guilty of any lesser offense for which the State provides the required proof. *See Shute v. State*, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994). This is true even if consideration of the lesser included offense is not requested by either party. *See Mello v. State*, 806 S.W.2d 875, 877 (Tex. App.—Eastland 1991, pet. ref'd). A court of appeals has authority to modify a trial court's judgment and affirm it as modified. *See* Tex. R. App. P. 43.2(b). This includes reforming a trial court's judgment to a conviction for a lesser-included offense where the evidence is sufficient to prove only the lesser offense and not the greater charged offense. *See Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). An offense is a lesser included offense if it is established by proof of the same or less than all of the facts required to establish the commission of the charged offense. See Tex.Code Crim. Proc. Ann. art. 37.09(1)(West 1981). Because the present case was tried to the court, our ability to reform the judgment is not limited by whether a charge on the lesser included offense was submitted to the jury. *See Bigley*, 865 S.W.2d at 27.

Unenhanced DWI is clearly a lesser-included offense of subsequent-offense DWI. *Compare* Tex. Penal Code Ann. §§ 49.04(a) and 49.09(a). The elements of DWI are present in both; the subsequent-offense charge includes the additional element of the previous conviction. As discussed above, legally and factually sufficient evidence support finding that Dugger was driving in Williamson County in a chemically altered state that deprived him of the normal use of his mental and physical faculties.

We reform the judgment to reflect a conviction for DWI without proof of previous convictions. *See id.* § 49.04(a). As reformed, the judgment is affirmed as to the finding of guilt.

5

That portion of the judgment imposing sentence is reversed and the cause is remanded to the trial court for resentencing within the proper punishment range.

_____

__

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reformed and, as Reformed, Affirmed in Part; Reversed and Remanded in Part

Filed:   August 30, 2001

Do Not Publish