NUMBER
13-01-153-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

MERCED BENJAMIN FONSECA,                                             Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                         On
appeal from the 24th District Court

                                  of
Victoria County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








A jury found appellant, Merced Benjamin Fonseca, guilty of
felony driving while intoxicated (DWI).  See
Tex. Pen. Code Ann. ' 49.04 (Vernon
Supp. 2002).  The trial court assessed
punishment at twelve years imprisonment in the Institutional Division of the
Texas Department of Corrections.[1]  By one point of error, Fonseca contends the
trial court erred in failing to instruct the jury on a lesser included
offense.  We affirm.

In his sole point of error, Fonseca asserts public intoxication
is a lesser included offense of DWI, and, thus, a jury instruction on a lesser
included offense should have been given. 


Section 49.04 of the Texas Penal Code provides A[a] person
commits an offense if the person is intoxicated while operating a motor vehicle
in a public place.@  Id. at ' 49.04(a). 
Section 49.02 states A[a] person
commits an offense if the person appears in a public place while intoxicated to
the degree that the person may endanger the person or another.@  Id. at ' 49.02(a). 
However, section 49.02(d) also clearly states A[a]n offense
under this section is not a lesser included offense under Section 49.04.@  See id. at 49.02(d).  Thus, public intoxication is prevented by
statute from being a lesser included offense of DWI.  See Ford v. State, 38 S.W.3d 826, 842
n.3 (Tex. App.BHouston [14th
Dist.] 2001, pet. ref=d).








  In reviewing alleged
jury charge error, we must determine whether the charge was erroneous, and if
so, whether the error was harmful to the defendant. See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984); Jones v. State, 900 S.W.2d 103, 104 (Tex. App.BHouston [14th
Dist.] 1995, no pet).  Because public
intoxication cannot be a lesser included offense of DWI, the court did not err
in denying Fonseca=s request.  The first prong of Almanza
fails.  See Almanza,
686 S.W.2d at 171.

Furthermore, Fonseca=s reliance on Royster v. State, 622 S.W.2d 422 (Tex. Crim. App. [Panel op.] 1981), and Mello v. State,
806 S.W.2d 875 (Tex. App.BEastland 1991,
pet. ref=d), is
misplaced.  Neither case involves a
statute that precludes an offense from being a lesser included offense of the
primary charge.  In Mello, the
facts did not prove delivery of cocaine as charged, but did prove the defendant
was in possession of cocaine, a lesser included offense.  Mello, 806 S.W.2d at 878.  Similarly, in Royster,
the question was whether the evidence raised issues which would have required
the court to submit to the jury the requested charges on the lesser included
offenses of assault causing bodily injury and theft, when the charged offense
was robbery.  See Royster,
622 S.W.2d at 443-44.

Finally, Fonseca relies on Attorney General Opinion MW-197,
1980, in which the attorney general concluded public intoxication could be a
lesser included offense of DWI.  However,
this 1980 opinion was issued prior to September 1, 1994, the effective date of
section 49.02.  See Tex. Pen. Code Ann. ' 49.02 (Vernon
Supp. 2002).

Fonseca=s sole point of
error is overruled.








Accordingly,
the judgment of the trial court is affirmed.                                                                   

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 18th day of
April, 2002.

 











[1]Fonseca=s
punishment was enhanced pursuant to sections 49.04 and 49.09 of the Texas Penal
Code.  See Tex. Pen. Code Ann. ''
49.04 & 49.09 (Vernon Supp. 2002). 
The court also assessed a fine, costs of court, and the suspension of
Fonseca=s driver=s
license.