11th Court of Appeals
Eastland, Texas
Opinion
 
Jose Miguel Ramirez
            Appellant
Vs.                  No. 11-03-00240-CR -- Appeal from Nolan County
State of Texas
            Appellee
 
            The jury convicted Jose Miguel Ramirez of the offense of attempted capital murder, made
an affirmative deadly weapon finding, and assessed punishment at confinement for 45 years and a
$10,000 fine. We affirm. 
            Appellant presents four issues for review. In the second and third issues, he challenges the
legal and factual sufficiency of the evidence relating to the element of intent. Appellant was
convicted of knowingly or intentionally stabbing, with intent to murder, Chief James S. Kelley, a
peace officer whom appellant knew was acting in the lawful discharge of an official duty. In order
to determine if the evidence is legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence
is factually sufficient, we must review all of the evidence in a neutral light and determine whether
the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or
whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v.
State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996). 
            The record shows that police were dispatched to appellant’s girlfriend’s residence twice on
the evening of this incident. The second 9-1-1 call resulted in a standoff with the police. Dispatch
indicated that appellant was trying to get into the house. When the officers arrived, appellant was
in the carport yelling, screaming, cursing, and trying to break into the house through a sliding glass
patio door. The first officer to the scene, Officer M. T. Jones, testified that he saw appellant kick
and punch the patio door and ram it with his shoulder until it shattered. Appellant was armed with
a knife and would not put it down. Appellant repeatedly threatened to kill Officer Jones and various
other officers that arrived at the scene. Appellant extended the knife and made jabbing and slashing
motions toward the officers. During the standoff, appellant picked up a pitchfork and threatened the
officers. After discarding the pitchfork, he picked up his jacket, put his hand in the pocket, and said:
“Now I’ve got a gun.” Appellant threatened to shoot the officers and told the officers to go ahead
and shoot him. It was determined after appellant’s arrest that he was merely pretending to have a
gun. Appellant cut himself with his knife. Appellant also poured gasoline on a car in the carport
and on himself and then tried to set himself on fire. However, appellant’s lighter would not work. 
            Chief Kelley finally decided to use the fire department’s water hose in an attempt to disable
appellant without injuring him. Chief Kelley opened the nozzle, and he and the other officers
advanced toward appellant. When Chief Kelley got within two to four feet of appellant, he dropped
the hose and engaged appellant. Appellant was “flailing away at [Chief Kelley] with the knife in his
hand.” Almost immediately after the chief tackled appellant, other officers joined in to help subdue
appellant. Although appellant strenuously resisted arrest, the officers were able to subdue and
handcuff him. Chief Kelley felt as if his shoulder was on fire and realized that the knife blade was
sticking out. The handle had broken off during the struggle. Chief Kelley had three separate wounds
from the knife: a laceration in the palm of his hand, a stab wound in his back, and a stab wound in
his left front shoulder. Officer Jones testified that, after being arrested, appellant “made the
comment that he didn’t give a f--k who he stabbed and he wasn’t sorry for anything he had done.” 
            We hold that the evidence is both legally and factually sufficient to support appellant’s
conviction for attempted capital murder. Appellant’s intent to stab and murder Chief Kelley was
evidenced by appellant’s repeated threats to kill as many of the officers as he could, by his “flailing”
of the knife at Chief Kelley, by the fact that Chief Kelley had two separate stab wounds -- one in his
back and the other in his left front shoulder and by the comment that appellant made after stabbing
Chief Kelley. Appellant’s second and third issues are overruled. 
            In his first issue, appellant contends that the trial court erred by failing to charge the jury on
the lesser included offense of aggravated assault of a public servant. A charge on a lesser included
offense is required if: (1) the lesser included offense is included within the proof necessary to
establish the offense charged and (2) there is some evidence that would permit a rational jury to find
that, if the accused is guilty, he is guilty of only the lesser offense. Rousseau v. State, 855 S.W.2d
666 (Tex.Cr.App.), cert. den’d, 510 U.S. 919 (1993); Royster v. State, 622 S.W.2d 442, 446
(Tex.Cr.App.1981). 
            The indictment shows that appellant was charged with two counts: attempted capital murder
and aggravated assault of a public servant. During voir dire and closing arguments, reference was
made to both counts. However, the jury charge included only the offense of attempted capital
murder. Both offenses -- aggravated assault of a public servant and attempted capital murder -- are
first degree felonies. TEX. PEN. CODE ANN. §§ 15.01(d), 19.03(b), & 22.02(b) (Vernon 2003 &
Supp. 2004 - 2005). Even though both offenses are first degree felonies, the offense of aggravated
assault of a public servant may be a lesser included offense of attempted capital murder because it
requires a less culpable mental state. Walker v. State, 994 S.W.2d 199, 201 (Tex.App. - Houston [1st
Dist.] 1999, pet’n ref’d); Johnson v. State, 828 S.W.2d 511, 515-16 (Tex.App. - Waco 1992, pet’n
ref’d); see also Mello v. State, 806 S.W.2d 875, 877-78 (Tex.App. - Eastland 1991, pet’n ref’d). In
this case as in Walker and Johnson, the circumstances were such that the proof necessary to establish
the elements of the offense of aggravated assault of a public servant was included within the proof
necessary to establish the elements of the offense of attempted capital murder. The difference
between the two offenses is that the attempted capital murder required a more culpable mental state
-- the intent to kill. 
            Furthermore, although appellant did not testify or call any witnesses during the guilt/
innocence phase of trial, the circumstances surrounding the stabbing could have led a rational jury
to find that appellant was guilty of the lesser included offense only. Chief Kelley sprayed appellant
with a fire hose and advanced toward him with the hose. The force of the water knocked appellant
back but did not knock him down. When Chief Kelley came near enough, he dropped the hose and
immediately engaged appellant. As argued by appellant’s counsel, appellant may have been
“flailing” with his hands because of the force of the water. 
            Even though the requirements of the Royster/Rousseau test have been met, we cannot find
that the error was reversible in this case. Appellant did not object or otherwise bring the trial court’s
attention to the omission of a charge on the offense of aggravated assault of a public servant. 
Consequently, under the standards announced in Almanza v. State, 686 S.W.2d 157
(Tex.Cr.App.1985), we must review the entire jury charge, the state of the evidence, the arguments
of counsel, and any other relevant information in order to determine whether the error was so
egregious that appellant was denied a fair and impartial trial. TEX. CODE CRIM. PRO. ANN. art.
36.19 (Vernon 1981); Almanza v. State, supra at 171. An error results in egregious harm if it affects
the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive
theory. Hutch v. State, 922 S.W.2d 166, 171 (Tex.Cr.App.1996); Almanza v. State, supra at 172. 
We hold that appellant was not denied a fair and impartial trial, and we find no egregious harm in
this case. Both offenses were of the same degree and carried the same penalty range. Appellant’s
first issue is overruled. 
            In his final issue, appellant contends that the trial court failed to comply with TEX. CODE
CRIM. PRO. ANN. art. 36.27 (Vernon 1981) when the jury sent out two notes asking three
questions. The clerk’s record reflects that the jury first asked, “What happened to the aggravated
assault charge listed in the indictment?” The trial court responded with a written answer stating that
it was not permitted to answer the question. About an hour later, the jury inquired whether the jury
would assess the punishment in this case and how long it would take before the jury would be
considered deadlocked. In a written response, the trial court informed the jury that appellant had
elected to have the jury assess his punishment if convicted. The court also instructed the jury to
continue deliberating and report any progress or problems as needed. There is nothing in the
reporter’s record about the jury’s notes or what, if anything, occurred in open court with respect to
those notes. In the absence of a showing to the contrary in the record, we presume that the trial court
complied with Article 36.27 by responding in open court and in appellant’s presence. Green v. State,
912 S.W.2d 189, 192 (Tex.Cr.App.1995), cert. den’d, 518 U.S. 1021 (1996). Nothing in the
appellate record suggests that appellant objected to the trial court’s responses. Thus, appellant did
not preserve for review any objection to the trial court’s responses. TEX.R.APP.P. 33.1(a); Green
v. State, supra; Smith v. State, 513 S.W.2d 823, 829 (Tex.Cr.App.1974). The fourth issue is
overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
April 21, 2005 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.