11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Juell Louis Thompson a/k/a Jvell Louis Thompson

Appellant

Vs.                   No.  11-04-00130-CR -- Appeal from Taylor County

State of Texas

Appellee

 

The jury convicted appellant of robbery, and the
trial court assessed his punishment at 15 years confinement.  We affirm.

In his first point of error, appellant contends
that the evidence is insufficient to support his conviction for robbery.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
We review the fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain v. State, supra;
Clewis v. State, supra.  Due
deference must be given to the jury=s
determination, particularly concerning the weight and credibility of the evidence.  Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000);  Jones v. State,
944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d,
522 U.S. 832 (1997).  This court has the
authority to disagree with the fact finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson v. State, supra at 9.








Anthony Olin Harrison testified that on December
15, 2000, he was washing his vehicle at a car wash.  Harrison stated that, as he was getting ready
to leave, a car pulled up in the bay next to him.  As Harrison turned around to get in his
vehicle, there was a person with a gun, and the gun was pointed at
Harrison.  In a photo lineup, a live
lineup, and at trial, Harrison identified the person pointing the gun at him as
appellant.  Harrison said that appellant
ordered him to get on the ground and empty his pockets.  Harrison complied, and appellant took the
contents and ran.  Harrison heard a
gunshot as appellant was going back to his car. 
Harrison stated that appellant took his wallet and that it contained $85
and some credit cards.

The police later recovered Harrison=s wallet.  A woman saw someone throw a shopping bag out
of a car window.  The shopping bag
contained Harrison=s wallet
and also some stolen checks that did not belong to Harrison.  The Abilene Police Department recovered
fingerprints from the stolen checks, and the fingerprints matched those of
appellant.

Appellant testified at trial and denied committing
the robbery.  Appellant stated that he
was attending a birthday party on the night of the offense.  Appellant=s
friend also testified that appellant was at the birthday party on the night of
the offense.  Appellant admitted that his
fingerprints were on the stolen checks because he had a plan with a friend to
forge the checks and share the money. 

The indictment contains two counts.  The first count alleged that appellant
committed aggravated robbery by using and exhibiting a deadly weapon, a
firearm, while committing theft.  The
second count alleged that appellant committed robbery by placing the victim in
fear of imminent bodily injury and death while in the course of committing
theft.  The charge authorized the jury to
find appellant guilty of aggravated robbery, or robbery, as charged in the
indictment.  The trial court=s charge instructed the jury:

If you find from the evidence  beyond a reasonable doubt that [appellant] is
guilty of either aggravated robbery or robbery, but you have a reasonable doubt
as to which offense he is guilty, then you must resolve that doubt in
[appellant=s] favor
and find him guilty of the lesser offense of robbery. 

 








Appellant specifically argues that the evidence is
insufficient to support his conviction for robbery because there was no
evidence that, if appellant was guilty, he was guilty only of the lesser
offense citing Royster v. State, 622 S.W.2d 442 (Tex.Cr.App.1981), as
authority.  However, Royster sets
out when the trial court is required to give a requested instruction on
a lesser offense.  Royster
provides a two-step analysis to determine when a charge on a lesser offense is
required.  First,  the 
lesser included offense must be 
included within the proof necessary to establish the offense
charged.  Next, there must be some
evidence in the record that, if the defendant is guilty, he is guilty only of
the lesser included offense.

In Arevalo v. State, 943 S.W.2d 887
(Tex.Cr.App.1997), the court found that the State must meet the Royster
test when requesting an instruction on a lesser included offense.  However, Arevalo is distinguishable
because (1) in Arevalo, the defendant was not indicted on the lesser
offense and (2) in the present case, the record does not indicate that the
State requested the charge on the lesser offense.  Appellant was indicted for the lesser offense
of robbery, and the trial court did not err in charging the jury on the offense
as alleged in the indictment.  Moreover,
the trial court inquired whether appellant had any objections to the charge,
and appellant replied that he did not have any objection.  Therefore, appellant must show that he
suffered egregious harm.  Almanza v.
State, 686 S.W.2d 157 (Tex.Cr.App.1985). 
The charge authorized the jury to convict appellant of robbery, a second
degree felony,[1]
rather than aggravated robbery, a first degree felony.[2]  Appellant has not shown that he suffered
egregious harm from the trial court=s
charge.  See Mello v. State, 806
S.W.2d 875 (Tex.App. - Eastland 1991, pet=n
ref=d).

The victim testified that appellant ordered him to
the ground at gunpoint, instructed him to remove his belongings from his
pockets, and then left with the victim=s  wallet. 
In a prosecution for an offense with lesser included offenses, the jury
may find the defendant not guilty of the greater offense but guilty of any
lesser included offense.  TEX. CODE CRIM.
PRO. ANN. art. 37.08 (Vernon 1981).  We
find that the evidence is both legally and factually sufficient to support
appellant=s
conviction for robbery.  Appellant=s first point of error is overruled.








In his second point of error, appellant argues
that the trial court erred in Afailing
to sustain [his] objection to the prosecutor=s
misstatement of the law concerning the presumption of innocence  during voir dire.@  During voir dire examination, the State
commented, AAs
[appellant] sits here right now, he is presumed innocent.  If I were to pick 12 of you, put you in the
box and say >Judge,
we rest,= how
would you vote?@  A prospective juror stated, ANot guilty.@  The State then responded, ANot guilty, that=s
correct, because until I put on evidence to rebut that presumption, he remains
presumed innocent.@  Appellant objected and stated that the Apresumption of innocence lasts until
all the testimony is in.@   The trial court instructed the jury that Awhat the lawyers say is not
evidence.  I will give you the law in the
Court=s charge.@

We find that the trial court=s statement was sufficient to cure any
error from the prosecutor=s
comment.  See Young v. State, 137
S.W.3d 65 (Tex.Cr.App.2004).  Moreover,
we note that the trial court did not expressly overrule appellant=s objection but, rather, instructed the
jury on the trial court=s
role in providing the law.  Appellant did
not make a motion for a mistrial and did not receive an adverse ruling.  Appellant received the relief which he
sought.  See Cook v. State, 858
S.W.2d 467 (Tex.Cr.App.1993); Smith v. State, 114 S.W.3d 66 (Tex.App. -
Eastland 2003, pet=n ref=d). Appellant=s
second point of error is overruled.

In his third point of error, appellant complains
that the trial court erred in failing to sustain his objection to the State=s improper jury argument.  During its closing argument, the State
commented, AThere=s an old saying that all it takes for
evil to flourish is for good people to do nothing.@  Appellant argues that the State=s argument was impermissible because it
refers to appellant as Aevil.@ 
Viewing the argument in context, we find that the statement was a plea
for law enforcement and, therefore, was an acceptable jury argument.  See Coble v. State, 871 S.W.2d 192
(Tex.Cr.App.1993), cert. den=d,
513 U.S. 829 (1994).   Appellant=s third point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

August 4, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and McCall, J.











[1]TEX. PEN. CODE ANN. ' 29.02(b)
(Vernon 2003).





[2]TEX. PEN. CODE ANN. ' 29.03(b)
(Vernon 2003).